# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| MICHAEL REDDEN<br>2043 Wagon Wheel Drive<br>Hamilton, OH 45013<br><br>PLAINTIFF,<br><br>v.<br><br>TIM BAIRD<br>c/o Ross Township Police Department<br>4055 Hamilton Cleves Rd.<br>Fairfield, Ohio 45014<br><br>AND<br><br>ROSS TOWNSHIP<br>4055 Hamilton Cleves Rd.<br>Fairfield, Ohio 45014<br><br>DEFENDANTS | Case No.<br><br>Judge:<br><br><br>COMPLAINT<br><br>AND<br><br>JURY DEMAND |

## INTRODUCTION

1. Plaintiff Michael Redden brings this action for violation of his constitutional rights.

2. This case arises out of the Redden's arrest on domestic violence charges without probable cause.

## PARTIES

3. Redden is an Ohio resident with a residence in Hamilton, Ohio

4. Defendant Tim Baird was a police officer with the Ross Township Police Department.

    a. While employed by Ross Township, Baird had a principal place of business at 4055 Hamilton Cleves Road, Hamilton, Ohio 45013.

    b. On information and belief, Baird is now employed by the Golf Manor Police Department, 6450 Wiehe Road, Golf Manor, OH 45237.

1

    c. At all times relevant to this Complaint, Baird was acting under color of law as a police officer.

    d. Baird is sued in his individual capacity for purposes of 42 U.S.C. § 1983.

5. Defendant Ross Township in a township created under Ohio law in Butler Cunty, Ohio with a principal place of business at 4055 Hamilton Cleves Rd., Fairfield, Ohio 45014

    a. Ross Township is a person within the meaning of Section 1983, because execution of the policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicted injury on Plaintiff.

    b. At all times relevant to this Complaint, Ross Township was acting under color of law through its police department.

    c. Ross Township is sued in its individual capacity for purposes of 42 U.S.C. § 1983.

## JURISDICTION AND VENUE

6. This case arises, in part, under the laws of the United States, specifically 42 U.S.C.S. § 1983. Accordingly, this Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1331 and 1343.

7. This Court is an appropriate venue for this cause of action pursuant to 28 U.S.C. § 1391. The defendant is a resident of the State in which this district is located and a substantial part of the events or omissions giving rise to the claim occurred in this district.

## FACTS

8. Redden and Bridget Langen are the unmarried parents of a young child.

9. Redden and Langen resided together until May 23, 2023, when Langen moved out.

10. On July 7, 2023, Langen drove to Redden's home to pick up their child. As Langen sat in her car buckling the child's seatbelt, Redden leaned into the driver-side door and took the cellphone Langen was holding. The cellphone belonged to Redden; Redden had paid for it and Langen had refused his many requests to return it.

11. Langen got out of her car and chased Redden around the yard. Redden ran to the back of his home and entered his home through a sliding glass door to get away from Langen. Langen tore Redden's outdoor television from the patio wall.

12. Redden returned to the back door to see if his children, who remained outside, were in danger. As Redden stood at the sliding glass door, he and Langen yelled at each other. Langen tried to force her way inside the house. Langen punched the glass door, Redden opened the door to prevent further banging, and Langen pushed her way inside by trying to crawl sideways inside the house past Redden as the sliding door was partially open and Redden was standing in the doorway.

13. During a scuffle inside the house, Redden held Langen in a bear hug to prevent her from swinging at him or breaking things. Langen bit and punched Redden.

14. Langen eventually left the home on her own.

15. Langen went to the Ross Township Police Station and spoke to Officer Baird. She told Baird that Redden had reached into her vehicle and stolen her cell phone. She also told Baird that Redden had slammed the door on her and shoved her out of the doorway. Langen claimed that she had suffered injuries to her knee and legs.

16. Officer Baird went to Redden's home.

17. Officer Baird interviewed Redden. Redden told him that he had given the phone to Langen so he could speak to their child. Baird observed a scratch on Redden's elbow and a bite mark.

18. Officer Baird obtained a video of the incident from the minor child.

19. The video obtained by Redden showed that Langen repeatedly tried to push her way inside the house while Redden tried to keep her out. The video shows that Langen sustained her injuries during the parties' scuffle at the sliding glass door when she was trying to force her way inside the house and Redden was trying to keep her out of the house and close the door.

20. The video in Baird's possession clearly showed that Redden came into physical contact with Langen when she tried to push her way inside the house and he tried to block her from entering the house and close the door. The evidence in Baird's possession also clearly showed that Redden's actions were solely motivated by his need to keep Langen out of the house.

21. Baird charged Redden with domestic violence in violation of R.C. 2919.25, a first-degree misdemeanor. Redden was arrested and transported to the Butler County jail.

22. The Police Report does not indicate that the charges by Officer Baird were reviewed and approved by a Supervisor. The two places on the report for approval by a supervisor are blank. Baird's narrative does not indicate that he discussed his investigation with any other officers.

23. Redden spent three days in the jail before he was released on bond.

24. Baird lacked probable cause to arrest Redden and charge him with domestic violence.

    a. The video in Baird's possession clearly showed that Redden did not knowingly cause or attempt to cause physical harm to Langen. Instead, the evidence in the possession of Baird showed that Redden sought to keep Langen from entering the house, and once inside, to prevent her from breaking things or hitting him.

    b. Baird lacked reasonably reliable information that redden had committed a crime. In assessing whether he had probable cause, Baird considered only only at the evidence of Redden's guilt and ignored all exculpatory evidence. Baird, thus, failed to consider the totality of the circumstances, recognizing both the inculpatory and exculpatory evidence, before determining if he had probable cause to make an arrest.

    c. Baird made a hasty, unsubstantiated arrest after conducting an incomplete investigations and turning a blind eye toward potentially exculpatory evidence known to him in an effort to pin a crime on Redden.

25. Redden pled not guilty and the matter proceeded to a bench trial before a magistrate/acting judge in the Hamilton Municipal Court.

26. The Municipal Court trial court found Redden guilty of domestic violence and sentenced him to 30 days in jail with 23 days suspended and credit for 3 days served, two years of community control, anger management and domestic violence classes, and no contact with Langen.

27. On March 25, 2024, the Twelfth District Court of Appeals reversed the conviction, holding that the State had not presented sufficient evidence from which a trier of fact could find that Redden had committed domestic violence.

28. Redden suffered significant damages as a result of the false charges and his arrest. His personal and professional reputations have been damaged. Redden's damages include litigation expenses including attorney fees, loss of reputation, humiliation, embarrassment, inconvenience, and mental and emotional anguish and distress. In addition, as a consequence of the legal proceedings, the Redden suffered a deprivation of liberty and expenses apart from the initial arrest.

**COUNT I**
**(CLAIM UNDER § 1983 FOR FALSE ARREST AND MALICIOUS PROESCUTION IN VOLATION OF FOURTH AMENDMENT)**

29. Plaintiff repeats and incorporates all the allegations of this Complaint, as if fully set forth herein.

30. This Count is against Baird.

31. The Fourth Amendment prohibits unreasonable seizures by police officers. A Fourth Amendment warrantless arrest claim encompasses warrantless arrests where there is not probable cause to believe that a criminal offense has been or is being committed.

32. The Fourth Amendment also guards against the wrongful initiation of charges without probable cause. A Fourth Amendment malicious-prosecution claim encompasses wrongful investigation, prosecution, conviction, and incarceration.

33. The arresting officer lacked knowledge that would have been sufficient grounds for believing that Redden had committed, was committing, or was about to commit an offense.

34. When determining whether probable cause exists to arrest an individual, the arresting officer turned a blind eye to exculpatory evidence or ignored information which becomes available in the course of routine investigations. The arresting officer thus failed, as required by the constitution, to take into account both the inculpatory and exculpatory evidence before arresting Redden and initiating criminal proceedings.

35. As a direct and proximate result of Baird's violations of Redden's rights under the Fourth Amendment, Redden has suffered severe and substantial damages. These damages include, litigation expenses including attorney fees, loss of reputation, humiliation, embarrassment, inconvenience, mental and emotional anguish and distress and other compensatory damages, in an amount to be determined by a jury and the Court.

36. Baird is liable to Redden for his damages.

37. Pursuant to 42 U.S.C. §1988, Redden is entitled to his attorney's fees incurred in bringing this action.

## COUNT II
### (CLAIM UNDER § 1983 FOR FAILURE TO TRAIN AND SUPERVISE)

38. Plaintiffs repeat and incorporate all of the allegations of this Complaint, as if fully set forth herein.

39. This Count is against Ross Township.

40. The Fourth Amendment prohibits a law enforcement agency from developing and maintaining policies or customs exhibiting deliberate indifference to the constitutional rights of persons.

41. On information and belief, based on the facts of this case, Ross Township had a policy or and/or custom to inadequately and improperly investigate allegations of domestic violence. Ross Township had a policy and/or custom to inadequately supervise and train police officers. In

6

particular, Ross Township's inaction, including its failure to train or supervise its employees adequately, constitutes a policy or custom because the failure amounts to deliberate indifference towards the constitutional rights of persons in its domain.

42. Ross Township failed ensure that officers conducted a thorough investigation of the allegations made against Plaintiff. The Police Report does not indicate that the charges by Officer Baird were reviewed and approved by a Supervisor.

43. On information and belief, the training program undertaken by Ross Township for domestic violence cases was inadequate to the tasks that officers must perform. This inadequacy is the result of the City's deliberate indifference and the inadequacy actually caused the Plaintiff's alleged injury.

44. As a direct and proximate result of Ross Township's violations of Redden's rights under the Fourth Amendment, Redden has suffered severe and substantial damages. These damages include, litigation expenses including attorney fees, loss of reputation, humiliation, embarrassment, inconvenience, mental and emotional anguish and distress and other compensatory damages, in an amount to be determined by a jury and the Court.

45. Ross Township is liable to Redden for his damages.

46. Pursuant to 42 U.S.C. §1988, Redden is entitled to his attorney's fees incurred in bringing this action.

*Wherefore*, Plaintiff seeks the following relief from the Court:

- Judgment in favor of Redden on all counts.
- Judgment in favor of Redden awarding damages in an amount to be determined at trial;
- Court costs and other reasonable expenses incurred in maintaining this action, including reasonable attorney's fees as authorized by 42 U.S.C. §1988.
- All other available relief that is just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

Respectfully submitted,

/s/ Jim Hardin
Jim Hardin (0056247)
Joshua Adam Engel (0075769)
ENGEL AND MARTIN, LLC
4660 Duke Dr., Suite 101
Mason, OH 45040
(513) 445-9600
engel@engelandmartin.com