**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| MICHAEL REDDEN, | : | CASE NO. 1:24-CV-00342 |
| Plaintiff, | : | JUDGE Matthew W. McFarland |
| v. | : | **DEFENDANTS TIM BAIRD AND ROSS TOWNSHIP'S ANSWER TO** |
| TIM BAIRD, *et al.,* | : | **PLAINTIFF'S COMPLAINT** |
| Defendants. | : | **JURY DEMAND ENDORSED HEREON** |

Now come Defendants Tim Baird and Ross Township ("Defendants"), by and through undersigned counsel, and for their Answer to the Plaintiff's Complaint state as follows:

## INTRODUCTION

1. Answering Paragraph 1, Defendants deny any constitutional violations, and therefore deny the allegations contained therein.

2. Answering Paragraph 2, Defendants deny any wrongdoing and therefore deny the allegations contained therein.

## PARTIES

3. Answering Paragraph 3, Defendants are without sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the same.

4. Answering Paragraph 4 and its included subparagraphs, Defendants state that Tim Baird was employed as a police officer by the Ross Township Police Department located at 4055 Hamilton Cleves Road, Hamilton, OH 45014. Defendants also state that Time Baird is currently employed as a police officer with the Golf Manor Police Department located at 6450 Wiehe Road, Golf Manor, OH 45237. As to the remaining allegations contained therein, Defendants

state that the allegations set forth legal conclusions to which no response is required. To the extent a response is required, the Defendants deny any wrongdoing and therefore deny the same.

5. Answering Paragraph 5 and its included subparagraphs, Defendants state that Ross Township is a political subdivision as defined under Ohio law, with its principal place of business at 4055 Hamilton Cleves Road., Fairfield, Ohio 45014. Answering further, Defendants state that the allegation that Ross Township is a "person" under 42 U.S.C. § 1983 and was acting under color of law through its police department is a legal conclusion to which no response is required. To the extent a response is required and answering further, the Defendants deny the remaining allegations contained therein.

## JURISDICTION AND VENUE

6. Answering Paragraphs 6 and 7, contain legal conclusions to which no response is required. Answering further, to the extent the allegations imply wrongdoing by Defendants, the allegations are denied.

## FACTS

7. Answering Paragraphs 8, 9, 10, 11, 12, 13, and 14, Defendants are without sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the same.

8. Answering Paragraph 15, Defendants admit that Defendant Baird met Langen at the Ross Township Police Department where Langen told Defendant Baird that Plaintiff Redden had stolen Langen's cell phone by reaching into her vehicle. Langen also described the resulting interaction with Plaintiff Redden including Plaintiff Redden slamming a door on Langen and

shoving her. Defendant Baird documented apparent injuries to Langen's wrist and knee that she claimed were a result of Plaintiff Redden's actions.

9. Answering Paragraph 16, Defendants admit that Defendant Baird responded to Plaintiff Redden's home at 2043 Wagon Wheel Dr. Hamilton, Ohio 45013.

10. Answering Paragraph 17, Defendants admit that Defendant Baird spoke with Plaintiff Redden and that Plaintiff Redden stated that he had provided the phone to Langen and that Baird observed apparent injuries on Plaintiff Redden's elbow and right forearm. Defendants deny the remaining allegations as written.

11. Answering Paragraph 18, Defendants admit that Defendant Baird asked Plaintiff Redden's minor child to provide videos that they had taken of the incident to Defendant Baird but denies the remaining allegation as written.

12. Answering Paragraph 19, Defendants deny the allegations as written.

13. Answering Paragraph 20, Defendants deny the allegations contained therein.

14. Answering Paragraphs 21, Defendants admit the allegations contained therein.

15. Answering Paragraph 22, Defendants deny the allegations contained therein.

16. Answering Paragraph 23, Defendants are without sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the same.

17. Answering Paragraph 24 and its included subparagraphs, Defendants deny the allegations contained therein.

18. Answering Paragraphs 25, 26, and 27, Defendants are without sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the same.

19. Answering Paragraph 28, Defendants deny the allegations as written.

**COUNT I**

20. Answering Paragraph 29, Defendants incorporate the foregoing admissions and denials by reference herein.

21. Answering Paragraph 30, Defendants state that Paragraph 30 contains a statement which requires no response. To the extent that the statement implies wrongdoing, Defendants deny the allegation.

22. Answering Paragraphs 31 and 32, Defendants state that Paragraphs 31 and 32 set forth legal conclusions to which no response is required. To the extent that the allegations imply any wrongdoing by Defendants the allegations are denied.

23. Answering Paragraphs 33, 34, 35, 36, and 37, Defendants deny the allegations contained therein.

**COUNT II**

24. Answering Paragraph 38, Defendants incorporate the foregoing admissions and denials by reference herein.

25. Answering Paragraph 39, Defendants state that Paragraph 39 contains a statement which requires no response. To the extent that the statement implies wrongdoing, Defendants deny the allegation.

26. Answering Paragraph 40, Defendants state that Paragraph 40 sets forth legal conclusions to which no response is required. To the extent that the allegations imply any wrongdoing by Defendants the allegations are denied.

27. Answering Paragraphs 41, 42, 43, 44, 45, and 46, Defendants deny the allegations contained therein.

28. Answering Plaintiff's Demand for Relief, Defendants deny that Plaintiff is entitled to any relief and deny that any relief would be equitable or just.

29. All other allegations of Plaintiff's Complaint not otherwise specifically admitted or denied herein are denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. The Defendants had reasonable grounds to believe that their actions did not violate any state or federal laws.

3. Plaintiff suffered no actual harm or loss.

4. At all times, the Defendants acted in accordance with the Constitution of the United States, the Constitution of the State of Ohio, all Ohio Statutory provisions, and all state and local laws relative thereto.

5. The Defendants are absolutely and/or qualifiedly immune from suit under federal law; therefore, no liability attaches for the Defendants.

6. At no time material hereto did there exist an unconstitutional policy, practice, or custom on the part of the Defendants.

7. All actions taken by the Defendants were in compliance with all laws, were privileged and absolutely privileged.

8. No action taken by the Defendants or anyone acting on their behalf rose to the level of constitutional deprivation.

9. At all times, the Defendants acted reasonably, lawfully, without malice and in good faith. If, in fact, the Defendants performed any wrongful acts, which are specifically denied herein, such

acts were not performed knowingly, purposely, with malicious purpose, in bad faith, intentionally, recklessly, willfully or wantonly.

10. The injuries and damages allegedly sustained by the Plaintiff are the direct and proximate result of the conduct of Plaintiff, which was illegal, intentional, willful, wanton, reckless, negligent, and otherwise a clear assumption of the risk on his part.

11. Plaintiff has failed to mitigate his damages.

12. The injuries and damages allegedly sustained by Plaintiff are the direct and proximate result of the independent actions of Plaintiff or other third parties over whom the Ironton Defendants had no control.

13. At all times, the Defendants' actions were legally justified.

14. If Plaintiff was injured or damaged, any and all such injury or damage was a proximate result of circumstances beyond the control of these answering Defendants.

15. If Plaintiff was injured or damaged, any and all such injury or damage was caused by the sole actions of Plaintiff.

16. Plaintiff's damages, if any, may be subject to setoff.

17. Plaintiff's claims may be barred by the doctrines of estoppel, issue preclusion, claim preclusion, res judicata, laches, mootness, waiver, unclean hands and/or the statute of limitations.

18. The Defendants' actions were taken based upon an honest belief of particular facts and reasonably relied on the particularized facts that were before them at the time the decision was made.

19. The Defendants give notice that they intend to assert and rely upon all affirmative defenses, immunities, avoidances, counterclaims, cross-claims, and third party claims that become

available or apparent during the course of discovery or trial, and thereby reserve the right to amend their Answer to assert such defenses.

**WHEREFORE**, the Defendants request that this Honorable Court dismiss Plaintiff's Complaint with an Order that Defendants' attorney fees and costs be paid as provided under applicable law.

    Respectfully submitted,

    SURDYK, DOWD & TURNER CO., L.P.A.

    */s/ Dawn M. Frick*_____
    Jeffrey C. Turner (0063154)
    Dawn M. Frick (0069068)
    Steven M. Riggs (0103869)
    8163 Old Yankee Street, Suite C
    Dayton, Ohio 45458
    (937) 222-2333, (937) 222-1970 (fax)
    jturner@sdtlawyers.com
    dfrick@sdtlawyers.com
    sriggs@sdtlawyers.com
    *Trial Attorneys for Tim Baird and Ross Township*

## JURY DEMAND

Defendants hereby demand a trial by jury on those claims to which it is entitled.

    */s/Dawn M. Frick*_____
    Dawn M. Frick (0069068)

**CERTIFICATE OF SERVICE**

       I hereby certify that on August 15, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, a copy of which will automatically be forwarded to the parties or their counsel of record:

Jim Hardin
Joshua Adam Engel
Engel and Martin, LLC
4660 Duke Dr., Suite 101
Mason, OH 45040
engel@engelandmartin.com
*Attorneys for Plaintiff*

                                                    */s/Dawn M. Frick*_____
                                                    Dawn M. Frick (0069068)