IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| MICHAEL REDDEN | CASE NO. 1:24-CV-00342 |
| PLAINTIFF, | JUDGE Matthew W. McFarland |
| v. | |
| TIM BAIRD, *et al* | |
| DEFENDANTS | |

**JOINT DISCOVERY PLAN PURSUANT TO FED. R. CIV. P. 26(f)**

All parties to this case, by and through their respective counsel, jointly submit this Joint Discovery Plan pursuant to Fed. R. Civ. P. 26(f) and the Court's Standing Order Regarding Procedures in Civil Cases. The parties held their discovery conference on August 21, 2024.

**A.    MAGISTRATE CONSENT**

The parties:

☐ Unanimously consent to the jurisdiction of the United States Magistrate Judge under 28 U.S.C. § 636(c).

x Do not unanimously consent to the jurisdiction of the United States Magistrate Judge under 28 U.S.C. 636(c).

☐ Unanimously consent to the jurisdiction of the United States Magistrate Judge under 28 U.S.C. § 636(c) solely for purposes of deciding the following pretrial motions dispositive motions: _____

_____

_____.

☐ Unanimously give contingent consent to the jurisdiction of the United States Magistrate Judge under 28 U.S.C. § 636(c) for trial purposes only if the District Judge assigned is unavailable on the date set for trial (e.g., because of other trial settings, civil or criminal).

**B.** **RULE 26(a) DISCLOSURES**

☐ The parties have exchanged pre-discovery disclosures required by Rule 26(a)(1).
x  The parties will exchange such disclosures by September 20, 2024.
☐ The parties are exempt from disclosures under Rule 26(a)(1)(E).

**NOTE**: Rule 26(a) disclosures are **NOT** to be filed with the Court.

**C.** **DISCOVERY ISSUES AND DATES**

1. Discovery will need to be conducted on the issues of

    *Liability and Damages, including whether the arresting officer lacked knowledge that would have been sufficient grounds for believing that Plaintiff had committed, was committing, or was about to commit an offense and whether Ross Township had a policy or and/or custom to inadequately and improperly investigate allegations of domestic violence. Discovery will also be necessary regarding the alleged nature and extent of damages to Plaintiff.*

2. The parties recommend that discovery

    x  need not be bifurcated.

    ☐ Should be bifurcated between liability and damages.

    ☐ Should be bifurcated between factual and expert.

    ☐ Should be limited to or focused upon issues relating to _____.

3. Disclosure and report of Plaintiff(s) expert(s) by *May 2, 2025*.

4. Disclosure and report by Defendant(s) expert(s) by *June 13, 2025*.

5. Disclosure and report of rebuttal expert(s) by *July 18, 2025*.

6. Disclosure of non-expert (fact) witnesses by *May 2, 2025*.

7. Discovery cut-off *August 15, 2025*.

8. Anticipated discovery problems

    ☐ _____

    _____

    _____

    x None.

9. Describe the subjects on which discovery is to be sought and the nature, extent and scope of discovery that each party needs to: (1) make a settlement evaluation, (2) prepare for case dispositive motions, and (3) prepare for trial:

    *Plaintiff believes that no discovery is necessary to make an initial settlement evaluation. Plaintiff believes that discovery on Liability and Damages, including whether the arresting officer lacked knowledge that would have been sufficient grounds for believing that Plaintiff had committed, was committing, or was about to commit an offense and whether Ross Township had a policy or and/or custom to inadequately and improperly investigate allegations of domestic violence, will be necessary to prepare the case for dispositive motions and trial. Defendants may need some initial discovery to evaluate settlement, written discovery and depositions will be necessary for dispositive motions and trial.*

10. **Discovery of Electronically Stored Information**. The parties have discussed disclosure, discovery, and preservation of electronically stored information, including the form or forms in which it should be produced.

    x Yes

    ☐ No

    **i.** The parties have electronically stored information in the following formats:

    *None*

    **ii.** The case presents the following issues relating to disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced:

    *None*

11. **Claims of Privilege or Protection**. The parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evid. 502.

    [x] Yes

    [ ] No

    **i.** The case presents the following issues relating to claims of privilege or of protection as trial preparation materials:

    *None*

    **ii.** Have the parties agreed on a procedure to assert such claims AFTER production?
    [ ] No

    [ ] Yes

    [x] Yes, and the parties ask that the Court include the following agreement in the scheduling order:

*Inadvertent production of any document or information shall be governed by Fed. R. Evid. 502. Pursuant to subsections (d) and (e) of that Rule, the parties agree to, and the Court orders, protection against claims of waiver (including as against third parties and in other Federal and State proceedings) in the event such information is produced during the course of the Litigation, whether pursuant to a Court order, a parties' discovery request, or informal production, as follows:*

*a. the production of documents or electronically stored information ("ESI") (including, without limitation, metadata) subject to a legally recognized claim of privilege or other protection from production or other disclosure (collectively, "Protected Information"), including without limitation the attorney-client privilege and work-product doctrine, shall in no way constitute the voluntary disclosure of such Protected Information;*

4

b. the production of Protected Information shall not result in the waiver of any privilege or protection associated with such Protected Information as to the receiving party, or any third parties, and shall not result in any waiver of protection, including subject matter waiver, of any kind;

c. if any document or ESI (including, without limitation, metadata) received by a party is on its face clearly subject to a legally recognizable privilege, immunity, or other right not to produce such information, the Receiving Party will promptly notify the Producing Entity in writing that it has discovered Protected Information, identify the Protected Information by Bates Number range, and return or sequester such Protected Information until the Producing Entity confirms whether it does indeed assert any privilege protecting this information. Once the Producing Entity asserts privilege over such Protected Information (as described in Subparagraph (e) below), the Receiving Party will return, sequester, or destroy all copies of such Protected Information, along with any notes, abstracts or compilations of the content thereof, within ten (10) business days of notice from the Producing Entity;

d. upon the request of the Producing Entity, the Receiving Party will promptly disclose the names of any individuals who have read or have had access to the Protected Information;

e. if the Producing Entity intends to assert a claim of privilege or other protection over Protected Information identified by the receiving party, the Producing Entity will, within ten (10) business days of receiving the Receiving Party's written notification, inform the Receiving Party of such intention in writing and shall provide the Receiving Party with a log for such Protected Information that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege, immunity or basis for non-disclosure, and in the event, if any portion of the Protected Information does not contain privileged or protected information, the Producing Entity shall also provide to the Receiving Party a redacted copy of the Protected Information that omits the information that the Producing Entity believes is subject to a claim of privilege, immunity or other protection;

f. if, during the course of the litigation, a party determines it has produced Protected Information, the Producing Entity may notify the Receiving Party of such production in writing. The Producing Entity's written notice must identify the Protected Information by Bates Number range, the privilege or protection claimed, and the basis for the assertion of the privilege and shall provide the receiving party with a log for such Protected Information that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege, immunity or basis for non-disclosure, and in the event any portion of the Protected Information does not contain privileged or protected information, the Producing Entity shall also provide to the receiving party a redacted copy of the Protected Information that omits the information that the Producing Entity believes is subject to a claim of privilege, immunity or other protection. The Producing Entity must also demand the return of the Protected Information. After receiving such

*written notification, the Receiving Party must, within ten (10) business days of receiving the written notification, return, sequester, or destroy the specified Protected Information and any copies, along with any notes, abstracts or compilations of the content thereof;*

*g.     a Receiving Party's return, sequestration, or destruction of such Protected Information as provided in the Subparagraphs above will not act as a waiver of the Receiving Party's right to move for the production of the returned, sequestered, or destroyed Protected Information on grounds that the Protected Information is not in fact subject to a viable claim of privilege or other protection. However, the Receiving Party is prohibited and estopped from arguing that the Producing Entity's production of the Protected Information in this matter acts as a waiver of applicable privileges or protections, that the disclosure of the Protected Information by the Producing Entity was not inadvertent, that the Producing Entity did not take reasonable steps to prevent the disclosure of the Protected Information, or that the Producing Entity did not take reasonable steps to rectify such disclosure; and*

*h.     nothing contained herein is intended to or shall limit a Producing Entity's right to conduct a review of documents or ESI (including, without limitation, metadata), for relevance, responsiveness, and/or the segregation of privileged and/or protected information before such information is produced to the Receiving Party;*

**D.     LIMITATIONS ON DISCOVERY**

1. Change in the limitations on discovery

    ☐ Increase the amount of time (currently 1 day of 7 hours) permitted in which to complete depositions to _____.
    ☐ Increase the number of depositions (currently 10) permitted to

    _____.

    ☐ Increase the number of interrogatories (currently 25) permitted to

    _____.

    x None.

**E.     PROTECTIVE ORDER**

☐ A protective order will be submitted to the Court on or before

_____.

x The parties currently do not anticipate the need for a protective order. If the parties subsequently deem that one is necessary, they will submit a joint proposed order to the Court. Such order will comply with *Procter & Gamble Co.*

6

*v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996) and its progeny.

**F.     SETTLEMENT**

A settlement demand ___ has or X has not been made.

A response to the demand ___ has or X has not been made.
A demand can be made by *10 days after the initial conference with the Court*.
A response can be made by *30 days after the demand.*

**G.     MOTION DEADLINES**

1. Motion to amend the pleadings and/or add parties by *April 29, 2025*.

2. Motions related to the pleadings by *December 2, 2024*

3. Dispositive motions by *September 15, 2025*.

**H.     OTHER MATTERS**

None

7

Attorneys for Plaintiff

     /s/ Joshua Engel
Jim Hardin (0056247)
Joshua Adam Engel (0075769)
ENGEL AND MARTIN, LLC
4660 Duke Dr., Suite 101
Mason, OH 45040
 (513) 445-9600
engel@engelandmartin.com


Attorneys for Defendants

     /s/ Dawn M. Frick
Jeffrey C. Turner (0063154)
Dawn M. Frick (0069068)
Steven M. Riggs (0103869)
SURDYK, DOWD & TURNER CO., L.P.A.
8163 Old Yankee Street, Suite C
Dayton, Ohio 45458
(937) 222-2333, (937) 222-1970 (fax)
jturner@sdtlawyers.com
dfrick@sdtlawyers.com
sriggs@sdtlawyers.com