[Cite as *State v. Redden*, 2024-Ohio-1088.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2023-09-106 |
| | : | O P I N I O N |
| - vs - | | 3/25/2024 |
| | : | |
| MICHAEL K. REDDEN, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM HAMILTON MUNICIPAL COURT
Case No. CRB2301790

Laura R. Gibson, City of Hamilton Assistant Prosecuting Attorney, for appellee.

Luftman, Heck & Associates, LLP, and Juliea S. Crumes, for appellant.

**M. POWELL, J.**

{¶ 1} Appellant, Michael Redden, appeals his conviction in the Hamilton Municipal Court for domestic violence.

{¶ 2} Redden and Bridget Langen are the unmarried parents of a young child. Redden and Langen resided together until May 23, 2023, when Langen moved out. On July 7, 2023, Langen drove to Redden's home to pick up their child. As Langen sat in her

car buckling the child's seatbelt, Redden leaned into the driver-side window and grabbed Langen's cellphone. Redden claimed the cellphone belonged to him as he had paid for it and Langen had refused his many requests to return it. Upset, Langen got out of her car and chased Redden around the yard. Redden ran to the back of his home and entered his home through a sliding glass door to get away from Langen. Angry, Langen tore Redden's outdoor television from the patio wall. Redden returned to the back door to see if his children, who remained outside, were in danger. As Redden stood at the sliding glass door, he and Langen yelled at each other. Langen punched the glass door, Redden opened the door to prevent further banging, and Langen tried to push her way inside. She was eventually successful. During their scuffle inside the house, Redden held Langen in a bear hug to prevent her from swinging at him or breaking things; Langen bit and punched Redden. Langen eventually left the home on her own and reported the incident to the Ross Police Department. Langen suffered a bruise and scrape on her right arm, a scrape on her left knee, and bruises on the back of a leg.

{¶ 3} Redden was charged with domestic violence in violation of R.C. 2919.25, a first-degree misdemeanor. Redden pled not guilty and the matter proceeded to a bench trial before Attorney Harry Zornow, a magistrate/acting judge. A police officer and Langen testified on behalf of the state; Redden moved the trial court for acquittal at the close of the state's case-in-chief. The trial court denied Redden's motion for acquittal; Redden and his teenage daughter then testified on his behalf. The trial court found Redden guilty of domestic violence and sentenced him to 30 days in jail with 23 days suspended and credit for 3 days served, two years of community control, anger management and domestic violence classes, and no contact with Langen. Although the case was heard by Attorney Zornow as magistrate/acting judge, the sentencing entry was signed by Judge Daniel Gattermeyer. The entry also incorrectly stated that Redden pled guilty to domestic

violence.

{¶ 4} Redden now appeals, raising three assignments of error.

{¶ 5} Assignment of Error No. 1:

{¶ 6} MR. REDDEN'S DOMESTIC VIOLENCE CONVICTION WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE.

{¶ 7} Redden challenges his domestic violence conviction, arguing there was insufficient evidence he *knowingly* caused Langen physical harm.

{¶ 8} "A sufficiency of the evidence argument disputes whether the state has presented adequate evidence on each element of the offense to allow the case to go to the jury or sustain the verdict as a matter of law." *State v. Armstrong-Carter*, 2d Dist. Montgomery Nos. 28571 and 28576, 2021-Ohio-1110, ¶ 37, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386, 1997-Ohio-52. When reviewing the sufficiency of the evidence underlying a criminal conviction, an appellate court examines the evidence to determine whether such evidence, if believed, would support a conviction. *State v. Krieger*, 12th Dist. Warren No. CA2017-12-167, 2018-Ohio-4483, ¶ 13. The relevant inquiry is "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.*; *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. "'Proof beyond a reasonable doubt' is proof of such character that an ordinary person would be willing to rely and act upon it in the most important of the person's own affairs." R.C. 2901.05(E). "[A] reversal based on insufficient evidence leads to an acquittal that bars a retrial." *State v. Gideon*, 165 Ohio St.3d 156, 2020-Ohio-6961, ¶ 27.

{¶ 9} Redden was convicted of domestic violence in violation of R.C. 2919.25(A), which provides that "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member."

{¶ 10} "A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist." R.C. 2901.22(B). Based on the definition of "knowingly," the state is not required to prove the defendant intended to cause physical injuries to support a conviction for domestic violence. *State v. Agnew*, 12th Dist. Butler No. CA2022-12-118, 2024-Ohio-295, ¶ 43. When determining whether a defendant acted knowingly, it is the defendant's state of mind and perception that are measured, not an objective reasonable expectation. *Krieger*, 2018-Ohio-4483 at ¶ 15. Whether a defendant acts knowingly can be determined from all the surrounding facts and circumstances, including the doing of the act itself. *State v. Robinson*, 12th Dist. Fayette No. CA2005-11-029, 2007-Ohio-354, ¶ 18.

{¶ 11} After reviewing the record, we find that the trial court erred in convicting Redden of domestic violence because there is insufficient evidence to prove that Redden knowingly caused Langen physical harm.

{¶ 12} The evidence at trial shows that Langen repeatedly tried to push her way inside the house, eventually becoming successful, while Redden tried to keep her out. A video recording of a portion of the incident shows Langen trying to crawl sideways inside the house past Redden as the sliding door is partially open and Redden is standing in the doorway. Langen never disputed that she persistently tried to force her way inside the house. The evidence at trial indicates that Langen sustained bruises on the back of her leg and the bruise and scrape on her right arm during the parties' scuffle at the sliding glass door when she was trying to force her way inside the house and Redden was trying to keep her out of the house and close the door. As Langen explained, "my arm just kind of slid across [the lock on the sliding glass door] as it was being shut." The evidence

- 4 -

further indicates she sustained a scrape on her knee when she fell in the yard chasing Redden.

{¶ 13} The record demonstrates that Redden came into physical contact with Langen when she persistently tried to push her way inside the house and he tried to block her from entering the house and close the door, and that Redden's actions were solely motivated by his need to keep Langen out of the house. The state presented no evidence that Redden tried to block Langen or held her in a bear hug once inside the house to cause or attempt to cause her physical harm or that Redden was subjectively aware that harming Langen was probable based on the way he tried to block her or held her in a bear hug.

{¶ 14} The evidence, even when viewed in a light most favorable to the prosecution, establishes that Redden's only intent on the day of the incident was to keep a determined and angry Langen from entering the house, and once inside, to prevent her from breaking things or hitting him. Redden did not, however, knowingly cause or attempt to cause Langen physical harm. As such, Redden's conviction is not supported by sufficient evidence, and his first assignment of error is sustained. Redden's conviction is reversed, his sentence is vacated, and he is discharged accordingly.

{¶ 15} Assignment of Error No. 2:

{¶ 16} THE TRIAL COURT ERRED IN CONVICTING APPELLANT OF DOMESTIC VIOLENCE BECAUSE SAID CONVICTIONS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 17} Assignment of Error No. 3:

{¶ 18} THE TRIAL COURT ERRED WHEN DEFENSE COUNSEL WAS NOT MADE AWARE OF THE TITLE OF THE TRIER OF FACT.

{¶ 19} In his second assignment of error, Redden argues his conviction for

domestic violence is against the manifest weight of the evidence because the state failed to prove he knowingly caused Langen physical harm.  In his third assignment of error, Redden argues that the trial court erred in allowing Zornow, an attorney, to hear the case as either a magistrate or acting judge without requiring the necessary waivers.  Because of our resolution of Redden's first assignment of error, his second and third assignments of error are moot and need not be considered.  App.R. 12(A)(1)(c); *Goebel v. Hopkins*, 12th Dist. Warren No. CA2023-06-044, 2024-Ohio-194, ¶ 30.

{¶ 20} Judgment reversed, and Redden is discharged.


S. POWELL, P.J., and PIPER, J., concur.