**Policy**

**308**

Ross Township Police Department

Policy Manual

# Domestic Violence

## 308.1  PURPOSE AND SCOPE

The purpose of this policy is to provide the guidelines necessary to deter, prevent and reduce domestic violence through vigorous enforcement and to address domestic violence as a serious crime against society. The policy specifically addresses the commitment of this department to take enforcement action when appropriate, to provide assistance to victims and to guide officers in the investigation of domestic violence.

### 308.1.1  DEFINITIONS

Definitions related to this policy include:

**Court order** - All forms of orders related to domestic violence, that have been issued by a court of this state or another, whether civil or criminal, regardless of whether service has been made.

## 308.2  POLICY

The Ross Township Police Department's response to incidents of domestic violence and violations of related court orders shall stress enforcement of the law to protect the victim and shall communicate the philosophy that domestic violence is criminal behavior. It is also the policy of this department to facilitate victims' and offenders' access to appropriate civil remedies and community resources whenever feasible.

## 308.3  OFFICER SAFETY

The investigation of domestic violence cases often places officers in emotionally charged and sometimes highly dangerous environments. No provision of this policy is intended to supersede the responsibility of all officers to exercise due caution and reasonable care in providing for the safety of any officers and parties involved.

## 308.4  INVESTIGATIONS

The following guidelines should be followed by officers when investigating domestic violence cases:

(a) Calls of reported, threatened, imminent, or ongoing domestic violence and the violation of any court order are of extreme importance and should be considered among the highest response priorities. This includes incomplete 9-1-1 calls.

(b) When practicable, officers should obtain and document statements from the victim, the suspect, and any witnesses, including children, in or around the household or location of occurrence.

(c) Officers should list the full name and date of birth (and school if available) of each child who was present in the household at the time of the offense. The names of other children who may not have been in the house at that particular time should also be obtained for follow-up.

Copyright Lexipol, LLC 2024/06/06, All Rights Reserved.
Published with permission by Ross Township Police Department

# Ross Township Police Department
Policy Manual

## Domestic Violence

(d) When practicable and legally permitted, video or audio record all significant statements and observations.

(e) All injuries should be photographed, regardless of severity, taking care to preserve the victim's personal privacy. Where practicable, photographs should be taken by a person of the same sex. Victims whose injuries are not visible at the time of the incident should be asked to contact the Investigation Section in the event that the injuries later become visible.

(f) Officers should request that the victim complete and sign an authorization for release of medical records related to the incident when applicable.

(g) If the suspect is no longer at the scene, officers should make reasonable efforts to locate the suspect to further the investigation, provide the suspect with an opportunity to make a statement, and make an arrest or seek an arrest warrant if appropriate.

(h) Seize any firearms or other dangerous weapons in the home, if appropriate and legally permitted, for safekeeping or as evidence.

(i) When completing an incident or arrest report for violation of a court order, officers should include specific information that establishes that the offender has been served, including the date the offender was served, the name of the agency that served the order, and the provision of the order that the subject is alleged to have violated. When reasonably available, the arresting officer should attach a copy of the order to the incident or arrest report.

(j) Officers should take appropriate enforcement action when there is probable cause to believe an offense has occurred. Factors that should not be used as sole justification for declining to take enforcement action include:

1. Whether the suspect lives on the premises with the victim.

2. Claims by the suspect that the victim provoked or perpetuated the violence.

3. The potential financial or child custody consequences of arrest.

4. The physical or emotional state of either party.

5. Use of drugs or alcohol by either party.

6. Denial that the abuse occurred where evidence indicates otherwise.

7. A request by the victim not to arrest the suspect.

8. Location of the incident (public/private).

9. Speculation that the complainant may not follow through with the prosecution.

10. Actual or perceived characteristics such as race, ethnicity, national origin, religion, sex, sexual orientation, gender identity or expression, economic status, age, cultural group, disability, or marital status of the victim or suspect.

11. The social status, community status, or professional position of the victim or suspect.

Copyright Lexipol, LLC 2024/06/06, All Rights Reserved.
Published with permission by Ross Township Police Department

# Ross Township Police Department
Policy Manual

*Domestic Violence*

---

### 308.4.1 IF A SUSPECT IS ARRESTED
If a suspect is arrested, officers should:

(a) Advise the victim that there is no guarantee the suspect will remain in custody.

(b) Provide the victim's contact information to the jail staff to enable notification of the victim upon the suspect's release from jail.

(c) Advise the victim whether any type of court order will be in effect when the suspect is released from jail.

### 308.4.2 IF NO ARREST IS MADE
If no arrest is made, the officer should:

(a) Advise the parties of any options, including but not limited to:

    1. Voluntary separation of the parties.

    2. Appropriate resource referrals (e.g., counselors, friends, relatives, shelter homes, victim witness unit).

(b) Document the resolution in a report.

### 308.4.3 FOLLOW-UP INVESTIGATION
The arresting officer(s) will be assigned any follow up.

The Investigator will:

(a) As soon as practicable, conduct a follow-up investigation and make contact with the victim.

(b) Obtain a copy of the 911 tape for court proceedings.

(c) Arrange for follow up photographs.

(d) When necessary and applicable, obtain medical records of the suspect to ascertain drug

or alcohol use.

### 308.5 VICTIM ASSISTANCE
Victims may be traumatized or confused. Officers should:

(a) Recognize that a victim's behavior and actions may be affected.

(b) Provide the victim with any necessary victim's of crime literature when a crime has occurred or upon request if the incident may not rise to the level of a crime.

(c) Alert the victim to any available victim advocates, shelters and community resources.

(d) Stand by for a reasonable amount of time when an involved person requests law enforcement assistance while removing essential items of personal property.

(e) Seek medical assistance as soon as practicable for the victim if he/she has sustained injury or complains of pain.

---

Copyright Lexipol, LLC 2024/06/06, All Rights Reserved.
Published with permission by Ross Township Police
Department

*Domestic Violence*

    (f)    Ask the victim whether he/she has a safe place to stay. Assist in arranging to transport the victim to an alternate shelter if the victim expresses a concern for his/her safety or if the officer determines that a need exists.

    (g)    Make reasonable efforts to ensure that children or dependent adults who are under the supervision of the suspect or victim are being properly cared for.

    (h)    Seek or assist the victim in obtaining an emergency order if appropriate.

## 308.6  DISPATCH ASSISTANCE

All calls of domestic violence, including incomplete 9-1-1 calls, should be dispatched as soon as practicable.

Dispatchers are not required to verify the validity of a court order before responding to a request for assistance. Officers should request that dispatchers check whether any of the involved persons are subject to the terms of a court order. Officers may also access OHLEG to determine if a court order is in effect.

## 308.7  FOREIGN COURT ORDERS

Various types of orders may be issued in domestic violence cases. Any foreign court order properly issued by a court of another state, Indian tribe or territory shall be enforced by officers as if it were the order of a court in this state. An order should be considered properly issued when it reasonably appears that the issuing court has jurisdiction over the parties and reasonable notice and opportunity to respond was given to the party against whom the order was issued (18 USC § 2265). An otherwise valid out-of-state court order shall be enforced, regardless of whether the order has been properly registered with this state.

## 308.8  VERIFICATION OF COURT ORDERS

Determining the validity of a court order, particularly an order from another jurisdiction, can be challenging. Therefore, in determining whether there is probable cause to make an arrest for a violation of any court order, officers should carefully review the actual order when available, and, where appropriate and practicable:

    (a)    Ask the subject of the order about his/her notice or receipt of the order, his/her knowledge of its terms and efforts to respond to the order.

    (b)    Check available records or databases that may show the status or conditions of the order.

    (c)    Contact the issuing court to verify the validity of the order.

    (d)    Contact a law enforcement official from the jurisdiction where the order was issued to verify information.

Copyright Lexipol, LLC 2024/06/06, All Rights Reserved.
Published with permission by Ross Township Police
Department

Ross Township Police Department
Policy Manual

*Domestic Violence*

Officers should document in an appropriate report their efforts to verify the validity of an order, regardless of whether an arrest is made. Officers should contact a supervisor for clarification when needed.

## 308.9   LEGAL MANDATES AND RELEVANT LAWS
Ohio law provides for the following:

### 308.9.1   STANDARDS FOR ARRESTS
Officers investigating a domestic violence report should consider the following:

(a)   An officer who has reasonable grounds to believe that a person has committed the offense of domestic violence or a violation of a protection order should arrest and detain the person (ORC § 2935.03(B)(1); ORC § 2935.032). Any decision to not arrest when there is reasonable cause to do so requires supervisor approval.

(b)   If the domestic violence event constitutes a felony assault, officers shall make an arrest (ORC §2935.032).

(c)   In the event two persons may be arrested for an act of domestic violence against each other or for violating a protection order against each other, the officer should only arrest and detain the primary physical aggressor. In determining which adult is the primary physical aggressor, an officer, in addition to any other relevant circumstances, should consider (ORC § 2935.03 (B)(3)):

   1.   Any history of domestic violence or of any other violent acts by either person involved in the alleged offense that the officer reasonably can ascertain.

   2.   If violence is alleged, whether the alleged violence was caused by a person acting in self-defense.

   3.   Each person's fear of physical harm, if any, resulting from the other person's threatened use of force or his/her use or history of the use of force against any person, and the reasonableness of that fear.

   4.   The comparative severity of any injuries suffered by the persons involved in the alleged offense.

(d)   In the event two persons may be arrested for an act of domestic violence against each other or for violating a protection order against each other, and the officer cannot determine a primary physical aggressor, the officer should apply sound judgment when deciding whether to make an arrest. The officer should contact a supervisor for guidance as appropriate.

(e)   An officer shall not consider as a factor any possible shortage of cell space in deciding to make an arrest for domestic violence or a violation of a court order (ORC § 2935.03).

Copyright Lexipol, LLC 2024/06/06, All Rights Reserved.
Published with permission by Ross Township Police
Department

# Ross Township Police Department
Policy Manual

*Domestic Violence*

---

### 308.9.2 REPORTS AND RECORDS

(a)    If a suspect is not present but would otherwise be arrested, the responding officer shall initiate the necessary documents and obtain an arrest warrant (ORC § 2935.03 (B)(3)).

(b)    Officers who investigate an allegation of domestic violence or violation of a court order, but do not make an arrest or seek a warrant, shall clearly articulate in the appropriate report the reasons for not arresting or pursuing a warrant (ORC § 2935.03(B)(3); ORC § 2935.032).

(c)    If the alleged offender has been granted pretrial release from custody on a prior charge of the offense of domestic violence or the offense of violating a protection order, and has violated one or more conditions of that pretrial release, investigating officers shall document the facts and circumstances of the violation in the related reports (ORC § 2935.032 (A)(2)).

(d)    Officers investigating an offense of domestic violence or the offense of violating a protection order shall include in a written report (ORC § 2935.032):

    1.    The fact that separate interviews with the victim and the alleged offender were conducted in separate locations, and identify the locations.

    2.    Any statements from the victim that indicate the frequency and severity of any prior incidents of physical abuse of the victim by the alleged offender, the number of times the victim has called peace officers for assistance, and the disposition of those calls, if known.

    3.    Observations of the victim and the alleged offender.

    4.    Any visible injuries on the victim or the alleged offender.

    5.    Any weapons at the scene, and the actions of the alleged offender.

    6.    Any statements made by the victim or witnesses.

    7.    Any other significant facts or circumstances.

(e)    Supervisors tasked with reviewing domestic violence reports shall consider referring cases to federal authorities for possible violations of 18 USC § 2261 (Interstate Domestic Violence) and should do so when appropriate (ORC § 2935.032 (G)).

(f)    The Chief of Police, or his designee, shall ensure domestic violence reporting is made to the Ohio Attorney General in compliance with ORC § 3113.32.

### 308.9.3 COURT ORDERS INDEX

The Records Manager shall maintain an index for protection orders and the approved consent agreements delivered to the Ross Township Police Department, pursuant to ORC § 3113.31 (F) (1). The index shall include the date and time that the Department received the order or agreement (ORC § 3113.31(F)(3)).

---

Copyright Lexipol, LLC 2024/06/06, All Rights Reserved.
Published with permission by Ross Township Police
Department

# Ross Township Police Department
## Policy Manual

---

*Domestic Violence*

---

### 308.9.4   WEAPONS
Any deadly weapon brandished, used or threatened to be used in an incident of domestic violence shall be processed as contraband subject to forfeiture, pursuant to ORC Chapter 2981 (ORC § 2935.03).

Copyright Lexipol, LLC 2024/06/06, All Rights Reserved.
Published with permission by Ross Township Police
Department