**Policy**
**600**

Ross Township Police Department

Policy Manual

# Investigation and Prosecution

**600.1   PURPOSE AND SCOPE**
The purpose of this policy is to set guidelines and requirements pertaining to the handling and disposition of criminal investigations.

**600.1   PURPOSE AND SCOPE**
The purpose of this policy is to set guidelines and requirements pertaining to the handling and disposition of criminal investigations.

**600.2   POLICY**
It is the policy of the Ross Township Police Department to investigate crimes thoroughly and with due diligence, and to evaluate and prepare criminal cases for appropriate clearance or submission to a prosecutor.

**600.3   INITIAL INVESTIGATION**

600.3.1   OFFICER RESPONSIBILITIES
An officer responsible for an initial investigation shall complete no less than the following:

(a) Make a preliminary determination of whether a crime has been committed by completing, at a minimum:

1. An initial statement from any witnesses or complainants.

2. A cursory examination for evidence.

(b) If information indicates a crime has occurred, the officer shall:

1. Preserve the scene and any evidence as required to complete the initial and follow-up investigation.

2. Determine if additional investigative resources (e.g., investigators or scene processing) are necessary and request assistance as required.

3. If assistance is warranted, or if the incident is not routine, notify a supervisor or the Patrol Commander.

4. Make reasonable attempts to locate, identify and interview all available victims, complainants, witnesses and suspects.

5. Collect any evidence.

6. Take any appropriate law enforcement action.

7. Complete and submit the appropriate reports and documentation.

(c) If the preliminary determination is that no crime occurred, determine what other action may be necessary, what other resources may be available, and advise the informant or complainant of this information.

---

# Ross Township Police Department
Policy Manual

*Investigation and Prosecution*

### 600.4 CUSTODIAL INTERROGATION REQUIREMENTS

Suspects who are in custody and subjected to an interrogation shall be given the *Miranda* warning, unless an exception applies. Interview or interrogation of a juvenile shall be in accordance with the Temporary Custody of Juveniles Policy.

600.4.1   AUDIO/VIDEO RECORDINGS
Any custodial interrogation of an individual who is suspected of having committed any violent felony offense should be recorded (audio or video with audio as available) in its entirety. Regardless of where the interrogation occurs, every reasonable effort should be made to secure functional recording equipment to accomplish such recordings.

Consideration should also be given to recording a custodial interrogation, or any investigative interview, for any other offense when it is reasonable to believe it would be appropriate and beneficial to the investigation and is otherwise allowed by law.

If a person is suspected of committing a violation of any offense enumerated in ORC § 2933.81, officers should both audio and video record, in its entirety, any custodial interrogation occurring at the station, a jail or other place of detention (ORC § 2933.81).

No recording of a custodial interrogation should be destroyed or altered without written authorization from the prosecuting attorney and the Investigation Section supervisor. Copies of recorded interrogations or interviews may be made in the same or a different format as the original recording, provided the copies are true, accurate and complete and are made only for authorized and legitimate law enforcement purposes.

Recordings should not take the place of a thorough report and investigative interviews. Officers should continue to prepare written summaries of custodial questioning and investigative interviews and written statements from suspects should continue to be obtained when applicable.

600.4.2   RECORD KEEPING AND RETENTION REQUIREMENTS
Electronic recordings of custodial interrogations shall be clearly labeled and retained as required by ORC § 2933.81(D).

600.4.3   DEFINITIONS
Definitions related to this policy include (ORC § 2933.81(A)):

Custodial Interrogation - Any interrogation involving questioning that is reasonably likely to elicit incriminating responses, during which a person considers him/herself to be in custody and beginning when a person should have been advised of his/her Miranda warning (384 U.S. 436) and ending when the questioning has completely finished.

Electronically Recorded - An audio and visual recording that is an authentic, accurate, unaltered record of a custodial interrogation.

Place of Detention - A jail, police or Sheriff's station, holding cell, state correctional institution, local correctional facility, detention facility or department of youth services facility. Place of detention does not include a law enforcement vehicle.

Copyright Lexipol, LLC 2024/10/22, All Rights Reserved.
Published with permission by Ross Township Police Department

Ross 000169

## Investigation and Prosecution

Statement - An oral, written, sign language or nonverbal communication

600.4.4 SUSPECTS OF APPLICABLE CRIMES
Electronically recorded statements of a custodial interrogation, in a place of detention, made by persons suspected of committing the following crimes are presumed to be voluntary and are mandatory. (ORC § 2933.81(B)):

- Aggravated Murder (ORC § 2903.01)
- Murder (ORC § 2903.02)
- Voluntary Manslaughter (ORC § 2903.03)
- Involuntary Manslaughter (ORC § 2903.04(A))
- Aggravated Vehicular Homicide that is a First or Second Degree Felony (ORC § 2903.06)
- Rape (ORC § 2907.03)
- Sexual Battery (ORC 2907.03)
- Attempted Rape (ORC § 2923.02 and ORC § 2907.02)

600.4.5 REQUIRED RECORDING OF INDIVIDUALS
Both audio and video recording of custodial interrogations is statutorily required when an individual is suspected of committing a violation of any offense enumerated in ORC § 2933.81 and the interrogation occurs at the station, a jail, or other place of detention except when (ORC § 2933.81):

(a) The suspect requests that the interrogation not be recorded. Any such request shall be preserved in a recording or in writing.
(b) The recording equipment malfunctions.
(c) There are exigent circumstances related to public safety.
(d) The interrogation occurs outside of the state.
(e) The statements are made during routine processing or booking.
(f) The statements are made spontaneously and not in response to interrogation.

**600.5 COLD CASE REGISTER**
The Investigation Section should maintain a confidential cold case file for offenses, including homicides and felony sexual offenses that have remained unsolved for more than one year. As reasonably practicable, cold cases should be revisited periodically for new information.

The Investigation Section should submit cold cases to the Ohio Bureau of Criminal Investigation (BCI), which will provide investigative support in accordance with the BCI's Unresolved Homicide Initiative.

Copyright Lexipol, LLC 2024/10/22, All Rights Reserved.
Published with permission by Ross Township Police Department

*Investigation and Prosecution*

**600.6 DISCONTINUATION OF INVESTIGATIONS**

The investigation of a criminal case or efforts to seek prosecution should only be discontinued if one of the following applies:

(a) All reasonable investigative efforts have been exhausted, no reasonable belief that the person who committed the crime can be identified, and the incident has been documented appropriately.

(b) The perpetrator of a misdemeanor has been identified and a warning is the most appropriate disposition.

1. In these cases, the investigator shall document that the person was warned and why prosecution was not sought.

2. Warnings shall not be given for felony offenses or other offenses identified in this policy or by law that require an arrest or submission of a case to a prosecutor.

(c) The case has been submitted to the appropriate prosecutor but no charges have been filed. Further investigation is not reasonable nor has the prosecutor requested further investigation.

(d) The case has been submitted to the appropriate prosecutor, charges have been filed, and further investigation is not reasonable, warranted or requested, and there is no need to take the suspect into custody.

(e) Suspects have been arrested, there are no other suspects, and further investigation is either not warranted or requested.

(f) Investigation has proven that a crime was not committed (see the Sexual Assault Investigations Policy for special considerations in these cases).

The Domestic Violence, Child Abuse, Sexual Assault Investigations and Adult or Vulnerable Person Abuse policies may also require an arrest or submittal of a case to a prosecutor.

**600.7 COMPUTERS AND DIGITAL EVIDENCE**

The collection, preservation, transportation and storage of computers, cell phones and other digital devices may require specialized handling to preserve the value of the related evidence. If it is anticipated that computers or similar equipment will be seized, officers should request that computer forensic examiners assist with seizing computers and related evidence. If a forensic examiner is unavailable, officers should take reasonable steps to prepare for such seizure and use the resources that are available.

**600.8 INVESTIGATIVE USE OF SOCIAL MEDIA AND INTERNET SOURCES**

Use of social media and any other Internet source to access information for the purpose of criminal investigation shall comply with applicable laws and policies regarding privacy, civil rights and civil liberties. Information gathered via the Internet should only be accessed by members while on-duty and for purposes related to the mission of this department. If a member encounters information relevant to a criminal investigation while off-duty or while using his/her own equipment, the member should note the dates, times and locations of the information and report the discovery

Copyright Lexipol, LLC 2024/10/22, All Rights Reserved.
Published with permission by Ross Township Police Department

to his/her supervisor as soon as practicable. The member, or others who have been assigned to do so, should attempt to replicate the finding when on-duty and using department equipment.

Information obtained via the Internet should not be archived or stored in any manner other than department-established record keeping systems (see the Records Maintenance and Release and Criminal Organizations policies).

### 600.8.1   ACCESS RESTRICTIONS

Information that can be accessed from any department computer, without the need of an account, password, email address, alias or other identifier (unrestricted websites), may be accessed and used for legitimate investigative purposes without supervisory approval.

Accessing information from any Internet source that requires the use or creation of an account, password, email address, alias or other identifier, or the use of nongovernment IP addresses, requires supervisor approval prior to access. The supervisor will review the justification for accessing the information and consult with legal counsel as necessary to identify any policy or legal restrictions. Any such access and the supervisor approval shall be documented in the related investigative report.

Accessing information that requires the use of a third party's account or online identifier requires supervisor approval and the consent of the third party. The consent must be voluntary and shall be documented in the related investigative report.

Information gathered from any Internet source should be evaluated for its validity, authenticity, accuracy and reliability. Corroborative evidence should be sought and documented in the related investigative report.

Any information collected in furtherance of an investigation through an Internet source should be documented in the related report. Documentation should include the source of information and the dates and times that the information was gathered.

### 600.8.2   INTERCEPTING ELECTRONIC COMMUNICATION

Intercepting social media communications in real time may be subject to federal and state wiretap laws. Officers should seek legal counsel before any such interception.

## 600.9   MODIFICATION OF CHARGES FILED

Members are not authorized to recommend to the prosecutor or to any other official of the court that charges on a pending case be amended or dismissed without the authorization of the Chief of Police. Any authorized request to modify the charges or to recommend dismissal of charges shall be made to the prosecutor.

## 600.10   SCRAP METAL THEFT

To assist in scrap metal theft investigations, the Investigation Section supervisor shall provide scrap metal dealers in this jurisdiction with an electronically searchable list of the names, descriptions and conviction information of persons known to be thieves or receivers of stolen

property. A list may be requested from the appropriate clerk of the court or prepared pursuant to rules adopted by the Ohio Department of Public Safety (DPS). The list shall also be provided to DPS in the format and manner described in OAC § 4501:5-3-01. Following the initial submission of the list, if there are any updates, a new list shall be submitted to dealers and DPS on the first business day of each month (ORC § 4737.04; OAC § 4501:5-3-01).

An individual included on the list prepared by this department may request that his/her name be removed by filing an application with the Investigation Section. The Investigation Section supervisor or the authorized designee shall remove the applicant's name from the list if the individual has not been convicted of, or pleaded guilty to, either of the following (ORC § 4737.04):

- (a) A misdemeanor theft offense, as defined in ORC § 2913.01, within three years immediately prior to the date of the application
- (b) A felony theft offense within six years immediately prior to the date of the application

## 600.11 FOLLOW-UP INVESTIGATIONS

Follow-up investigations on all cases are evaluated and assigned by the Investigation Section based upon caseload, case assignment and an evaluation of case solvability factors.

### 600.11.1 SOLVABILITY FACTORS

Case solvability factors include, but are not limited to, the following:

(a) Reliability of witnesses.

(b) Suspect is named.

(c) Suspect is described.

(d) Suspect's location is known.

(e) Suspect is identified.

(f) Suspect has been previously seen.

(g) Suspect vehicle is described.

(h) Suspect vehicle is identified.

(i) Property is traceable.

(j) Modus operandi is significant.

(k) There is usable physical evidence.

(l) There was limited opportunity for anyone other than the suspect to commit the crime.

(m) The case may be solved with reasonable additional investigative effort.

(n) Other factors that are applicable only in exceptional circumstances include:

1. That the case is of significant importance to the community.

2. That there is potential, imminent danger to victims or witnesses.

3. The seriousness of offense.

4. That there is a characteristic pattern, frequency or modus operandi related to the case.

5. Management decisions to pursue a case regardless of solvability factors.

### 600.12 INVESTIGATIVE TASK FORCES

If the Department participates in a long-term, multijurisdictional or multi-agency investigative task force, a Departmental Directive or task force directive shall govern the task force's activities, to include:

    (a)    Identifying the purpose of the task force.

    (b)    Defining the supervision of the task force.

    (c)    Evaluating the results and the need to continue the operation.

    (d)    Identifying the staffing, equipment, and resource requirements.

    (e)    Identifying officer safety information.

    (f)    Identifying procedures for task force participants.