**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| MICHAEL REDDEN, | : | CASE NO. 1:24-CV-00342 |
| Plaintiff, | : | JUDGE Matthew W. McFarland |
| v. | : | |
| TIM BAIRD, *et al.*, | : | **DEFENDANTS' PROPOSED UNDISPUTED FACTS** |
| Defendants. | : | |

Defendants Tim Baird and Ross Township ("Defendants"), submit the following proposed undisputed facts in support of their Motion for Summary Judgment:

1. Defendant Tim Baird ("Baird") was employed by the Ross Township Police Department on July 7, 2023. (Doc. 1, generally). On that date, he responded to the Ross Township Police Department in response to a complaint of domestic violence. (Doc. 16, PgID 88-89; 94). The complainant-victim was Bridget Langen ("Langen"), and the suspect was Plaintiff Michael Redden ("Redden"). (Id., PgID 94). Upon arrival, Baird met Langen in the police department lobby. (Id.)

2. Baird observed Langen was distraught and crying, and noted her pants were torn and she had injuries on her arm and leg. (Doc. 16, PgID 94-95; Doc. 16-5, PgID 206-207). Langen told Baird that she arrived at 2043 Wagon Wheel Drive, to pick up her minor child she has in common with Redden. (Doc. 16, PgID 95). She stated that while she was placing the child in the back seat of her vehicle to leave, Redden stole her cell phone from the front seat. (Id.). He began away from her with the phone, so she gave chase to retrieve her phone. (Id.). Redden ran to the back door and she continued chase to retrieve her phone to dial 911. (Id.). As she did so, Redden slammed the door on her and shoved her out of the doorway causing her injuries. (Id.).

3. Langen filled out a written statement in support of her domestic violence complaint at the police department. (Id., PgID 88-89; Doc. 16-5, PgID 208-209).

4. While Langden filled out her written statement, Baird spoke with Redden who called the police department. (Doc. 16, PgID 88). The dispatch report (CAD Report) indicated he told dispatch that Langden punched him and broke his television. (Doc. 16-4, PgID 202).

5. After speaking with Redden on the phone, and completing the initial investigation with Langen, including obtaining her written statement, Baird traveled to 2043 Wagon Wheel

1

   Drive to continue the investigation. (Doc. 16, PgID 89). There, Baird spoke with Redden, Redden's daughter, and viewed video that Baird's daughter took of the incident. (Doc. 18, 473-474; 507; Doc.16, PgID 105). After completing the investigation and determining he had probable cause to arrest Redden, Baird placed him under arrest for domestic violence and transported him to jail. (Doc. 16, PgID 127; 132).

6. Baird testified that the video evidence was one factor in his decision to arrest Redden. (Doc. 16, PgID 110). The video clips showed Langen running after Redden (Doc 16, PgID 112; 00:00-00:02), Langen asking for assistance from the neighbor (Doc. 17, PgID 114; 00:00-00:15), Langen attempting to retrieve her phone from Redden at the door of the residence (Doc. 16 PgID 123; 00:00-00:16); PgID 122; 00:00-01:00), Redden calling Langen a piece of shit (Doc. 16, PgID 118-119; 00:00-00:09), and Redden and Langen arguing while she yells for someone to call the cops. (Doc. 16, PgID 120; 00:00-01:07). The videos corroborated Langen's account of the incident including that Redden pushed her down, held her down, and called her a "piece of shit." (Doc. 16, PgID 119;126-127). Baird testified that he saw "Mr. Redden forcefully pushing Ms. Langen down on the ground, causing the subsequent scratch on her knee and the tearing of her pants," which corroborated Langen's statements. (Doc. 16., PgID 126; Doc. 16-5, generally). Based upon the evidence, Baird placed Redden under arrest for domestic violence and transported him to the Butler County Jail. (Doc 16., PgID 132).

7. Redden testified he gave the phone to Langen to use for ease of communication given their living situation. (Doc. 18, PgID 438). Despite his initial assertions to the contrary, he twice refers to that phone as "her [Langen's] phone." (Id. Pg, ID 460). He admitted that he took the cell phone from the victim's car and that she chased him to retrieve it. (Id., PgID 444). Further, Redden testified that Langen sought assistance from the neighbor in calling 911 as she held the child and that he called her a piece of shit. (Id., PgID 499). Moreover, Redden admits to the altercation. (Id., PgID 500). Notably, this altercation occurred after Redden was inside the residence with the door locked and only occurred after he unlocked the door allowing Langen to attempt to enter to retrieve the phone to call police. (Id., PgID 450). When she attempted to retrieve her phone, Redden physically obstructed her attempts, and Langen ended up on the ground. (Id., PgID 450; 454). During his confrontation, he alleges Langen removed his television from the wall. (Doc. 18, PgID 450). Redden testified that he unlocked the door to protect his family, despite his testimony that Langen was not violent towards them and he ran inside while they remained outside. (Id. PgID 451-452).

8. Redden was found guilty in a bench trial in the Butler County Municipal Court. (Doc. 16-6, PgID 212). He subsequently filed an appeal to the Twelfth District Court of Appeals. (Doc. 16-6, generally). On March 25, 2024, the District Court reversed his conviction based upon a determination that the conviction was not supported by sufficient evidence at trial. (Id., PgID 216). He filed the instant complaint three months later. (Doc. 1, generally)

Respectfully submitted,

SURDYK, DOWD & TURNER CO., L.P.A.

*/s/ Dawn M. Frick*_____
Jeffrey C. Turner (0063154)
Dawn M. Frick (0069068)
Justin R. Marks (0103811)
8163 Old Yankee Street, Suite C
Dayton, Ohio 45458
(937) 222-2333, (937) 222-1970 (fax)
jturner@sdtlawyers.com
dfrick@sdtlawyers.com
jmarks@sdtlawyers.com
*Trial Attorneys Tim Baird and Ross Township*

### **CERTIFICATE OF SERVICE**

I hereby certify that on September 15, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, a copy of which will automatically be forwarded to the parties or their counsel of record:

Jim Hardin
Joshua Adam Engel
Engel and Martin, LLC
4660 Duke Dr., Suite 101
Mason, OH 45040
engel@engelandmartin.com
*Attorneys for Plaintiff*

*/s/Dawn M. Frick*_____
Dawn M. Frick (0069068)